UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anna Sullivan,<br><br>    Plaintiff,<br><br>v.<br><br>Jeff Bezos, *et al.*,<br><br>    Defendants. | Civil No. 3:25-cv-01872 (VAB)<br><br><br><br>January 21, 2026 |

### RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND INITIAL REVIEW UNDER 28 U.S.C. § 1915

This is yet another lawsuit filed by Anna Sullivan, a frequent filer in this Court. Ms. Sullivan alleges that she was "vesseled [*sic*] by the American Government Jerome Powell's team to receive and sue for Jeff Bezos' money as he caught him trying to flirt and sexually harass" her. (Compl., ECF No. 1, at 7.) She says that she went to Hartford Superior Court one day, only to be "hit in [her] head through Jeff Bezos satellite system" such that she could not "see or open [her] eyes." (*Id.* at 8.) She adds that she was "attacked by [Bezos] to not show up in court." (*Id.*) Her complaint includes many other, similarly fantastic allegations against the founder of Amazon.com and a host of other public figures, including former Vice President Kamala Harris and Governor Ned Lamont. (*Id.* at 9.) She asks the Court to award her "the parties entire net worth or $1 Trillion each." (*Id.* at 13.)

At the same time she filed her complaint, Ms. Sullivan also filed a motion for leave to proceed *in forma pauperis* – in other words, she asked to be excused from paying the fees ordinarily required to begin a civil case. (Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.) As I have previously explained to Ms. Sullivan, when a plaintiff moves for permission to proceed *in forma pauperis*, "the court ordinarily conducts two inquiries." *Sullivan v. Hartford*

1

*Hosp.*, No. 3:24-cv-1675 (KAD) (TOF), 2024 WL 4880694, at *1 (D. Conn. Nov. 25, 2024). "First, it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee." *Id.* (citing 28 U.S.C. § 1915(a)). "Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines her complaint to determine whether, among other things, it 'is frivolous' or 'fails to state a claim on which relief may be granted.'" *Id.* (citing 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii)). "And in all cases – not just those that involve indigent *pro se* plaintiffs – the court must determine whether it has jurisdiction[.]" *Id.* "If the complaint is 'frivolous' or 'fails to state a claim,' or if it fails to show that the court has jurisdiction, the court must dismiss the case." *Id.* (citing 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii)).

United States District Judge Victor A. Bolden referred Ms. Sullivan's latest case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries. (ECF No.9.) I have thoroughly reviewed the complaint and the *in forma pauperis* motion. In the first step of the analysis, I recommend that Judge Bolden deny the *in forma pauperis* motion because Ms. Sullivan has not shown that she is unable to pay the filing fee. In the second step, I recommend that Judge Bolden dismiss the complaint because Ms. Sullivan has not invoked the court's jurisdiction, or, in the alternative, because her complaint is frivolous. Finally, I recommend that Judge Bolden issue a show cause order directing Ms. Sullivan to explain why she should not be placed on the District of Connecticut's "prohibited filer" list.

## I.     The First Inquiry – Entitlement to Proceed *In Forma Pauperis*

When a plaintiff files a civil case in federal court, she must typically pay filing and administrative fees totaling $405.00. *See* 28 U.S.C. § 1914. A court may nonetheless "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to

pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (stating that litigants who qualify for IFP status "may commence a civil action without prepaying fees").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship[.]" *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). The United States Supreme Court has held that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

"In determining whether the plaintiff is 'unable to pay,' courts consider her assets as well as her income." *Murphy v. PHH Mortg. Servicers*, No. 3:23-cv-1552 (KAD) (TOF), 2024 WL 2864218, at *2 (D. Conn. Jan. 23, 2024), *report and recommendation approved and adopted*, slip op. (D. Conn. May 15, 2024). "In particular, courts consider 'equity in real estate.'" *Id.* (quoting *Cnty. of Allegheny v. Strader*, No. 2:18-cv-00775 (CRE), 2018 WL 3660092, at *2 (W.D. Pa. Aug. 2, 2018)). In *Ireland v. Reliance Standard Life Insurance Co.*, for example, the court denied a plaintiff's motion for leave to proceed *in forma pauperis* where she had "an estimated $60,000 of equity in her home." No. C 97-0563 THE, 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997). Courts have found that as little at $10,000 in home equity can preclude a plaintiff from obtaining *in forma pauperis* status. *See, e.g., Woodard v. Upland Mortg.*, No. CIV.A.03-4382, 2003 WL 22597645, at *1 (E.D. Pa. Oct. 27, 2003).

In determining whether a plaintiff's financial circumstances qualify her for *in forma pauperis* status, courts also consider the financial resources of anyone who supports her. *See, e.g.*, *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the [c]ourt may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 6:16-cv-06428 (CJS), 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, Ms. Sullivan says that she has no income and no cash on hand or in a bank account. (ECF No. 2, at 3-4.) But she also says that she owns her own home, and that she has $190,000 worth of equity in it. (*Id.* at 4.) She adds that Nathaniel Sullivan is paying her mortgage for her, and that he contributes an additional $300 each month to defray household expenses, but she has provided no information about his other resources. Because Ms. Sullivan has substantial equity in her home, and because she has not provided the Court with enough information to determine whether Mr. Sullivan could pay the fee for her, she has not demonstrated that she is entitled to *in forma pauperis* status. I therefore recommend that her *in forma pauperis* motion (ECF No. 2) be denied.

**II.     The Second Inquiry – Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)**

Although Ms. Sullivan's *in forma pauperis* motion fails the first inquiry, I will nevertheless proceed to the second inquiry in the interest of judicial efficiency. *See, e.g.*, *Franklin v. Chenango Cnty. Pub. Def. Office*, No. 3:18-cv-00865 (BKS) (DEP), 2018 WL 4288620, at *2 (N.D.N.Y.

Sept. 7, 2018) (conducting 28 U.S.C. § 1915 analysis even though IFP motion denied); *Murphy*, 2024 WL 2864218, at *2 (same).

In performing this inquiry, the Court must first determine whether it has jurisdiction over the plaintiff's claims. Unlike many state courts, federal courts are courts of "limited jurisdiction," meaning that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Leaving aside some others that are not relevant here, a federal court can typically adjudicate only three types of claims: (1) those that "aris[e] under the Constitution, laws, or treaties of the United States" – so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000 – "diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution" – "supplemental jurisdiction" under 28 U.S.C. 1367(a). If subject matter jurisdiction is lacking, the complaint must be dismissed, even if it was drafted by a *pro se* plaintiff. *See, e.g.*, *Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *cf. Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (placing the burden of proving subject matter jurisdiction on the *pro se* plaintiff).

If jurisdiction exists, the Court then reviews the complaint to determine whether, among other things, it "is frivolous." 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" when it is entirely without a factual or legal basis. As the Court of Appeals has explained, an "action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327 (1989)). "Frivolous" complaints include those where the facts alleged are "clearly baseless—that is . . . they are fanciful, fantastic

5

or delusional." *Gallop v. Cheney,* 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). When an IFP complaint is "frivolous," the court "shall" dismiss it. 28 U.S.C. § 1915(e)(2)(B)(i); *see also Gallop*, 642 F.3d at 368.

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Ms. Sullivan. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. Of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted).

This liberality has limits, however – and one limit is that courts need not credit *pro se* factual claims that are plainly fantastic and delusional. In the case of *Rodriguez v. Essig*, for example, the plaintiff alleged that the defendants were "commit[ing] identity fraud with a dead person" and that he – the plaintiff – was that "dead person," having been "killed . . . off with a luekemia [*sic*] scandal." No. 25-cv-4660 (RER) (TAM), 2025 WL 2523197, at *1 (E.D.N.Y. Sept. 2, 2025). The court dismissed his complaint as frivolous, even though the well-pleaded factual allegations of a *pro se* plaintiff are entitled to a presumption of truth when reviewing a complaint for purposes of 28 U.S.C. § 1915(e)(2). *Id.* at *1-2. Similarly, in the case of *Marczeski v. Casey*, the plaintiff alleged that the defendants "stole sonar laser beams and other similar equipment . . . and used them to track her movements, terrorize her, and physically abuse her and her cats." No. 3:06-cv-433, 2007 WL 703626, at *1 (D. Conn. Mar. 5, 2007). The court likewise dismissed her complaint as frivolous, because the allegations were "'fanciful, fantastic, and delusional' to the point of being 'clearly baseless.'" *Id.* (quoting *Denton*, 504 U.S. at 33).

In this case, Ms. Sullivan's complaint does not set forth a claim over which the Court would have jurisdiction. Ms. Sullivan alleges that she is a citizen of Connecticut (Compl., ECF No. 1, at 1), but she named several Connecticut citizens in her list of defendants, including Governor Ned Lamont, Congressman John Larson, and the State of Connecticut itself. (*Id.* at 6.) Her complaint is therefore not within the Court's diversity jurisdiction. Moreover, her complaint describes no claim arising "under the Constitution, laws, or treaties of the United States," even when given the liberal construction due to *pro se* pleadings. Apparently, she feels that she was the victim of some sort of assault, but civil liability for assault is generally a state law matter that does not trigger federal question jurisdiction. *E.g., Doubia v. Bamba*, No. 24-cv-1088 (LTS), 2024 WL 4108540, at *2 (S.D.N.Y. Aug. 26, 2024).

If Ms. Sullivan were somehow able to establish jurisdiction, I would nevertheless recommend dismissal on the alternate ground that her complaint is frivolous. As noted above, a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless – that is . . . they are fanciful, fantastic or delusional." *Gallop,* 642 F.3d at 368 (quoting *Denton*, 504 U.S. at 32–33). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. In this case, Ms. Sullivan's complaint is almost entirely composed of fantastic, delusional claims, including: (1) that she was "vesseled [*sic*] by the American Government Jerome Powell's team to receive and sue for Jeff Bezos' money" (Complaint, ECF No. 1, at 7); (2) that Bezos tried "to flirt and sexually harass [her] through their CIA system" (*id.*); (3) that, while at Hartford Superior Court one day, she was "hit in [her] head through Jeff Bezos satellite system and couldn't see or open [her] eyes" (*id.* at 8); (4) that "Jerome Powell, Mark and Jeff Bezos forced [her] out of the workforce because they couldn't stand to see [her] get attacked, followed and sexually harassed

7

every single day" (*id.* at 9); (5) that "Kamala Harris was . . . trying to murder [her] because she was excluded from the Presidency for her hidden ways" (*id.*); and (6) that, after going "completely insane after she lost her marriage[,]" Bezos's ex-wife "bothered [her] every day to decapitate [her] brain so that Jeff wouldn't pay more money to [her] than what she received from her divorce settlement." (*Id.*)  This is plainly the stuff of fantasy and delusion, however much Ms. Sullivan may contend otherwise. (*See id.*) (arguing that "[j]ust because I explain the frivolous tactics and feelings of the individuals does not mean my side of the story is frivolous"); *cf. also Morren v. New York Univ.*, No. 1:20-cv-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022) (observing that a "[p]laintiff's beliefs – however strongly [she] may hold them – are not facts" entitled to a presumption of truth on a motion to dismiss).  Thus, even if Ms. Sullivan had properly invoked the Court's jurisdiction, her complaint should be dismissed as frivolous. *See, e.g.*, *Sullivan v. Lamont*, 3:24-cv-01003 (VAB), slip op. (D. Conn. July 10, 2024) (dismissing as frivolous substantially similar claims brought by Ms. Sullivan); *Sullivan v. Bezos*, 3:24-cv-01390 (KAD), slip op. (D. Conn. Nov. 1, 2024) (accepting and adopting the Magistrate Judge's recommendation that the claims be dismissed for frivolousness).

### III.   Conclusion and Recommendation

For the foregoing reasons, I recommend that Judge Bolden (1) deny Ms. Sullivan's motion for leave to proceed *in forma pauperis*, and (2) dismiss her complaint for lack of subject matter jurisdiction or, in the alternative, for frivolousness pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, I recommend that the dismissal be without leave to replead.  Although courts typically permit *pro se* plaintiffs "leave to amend at least once," if repleading a claim would be futile, the court should not grant leave to amend. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.

2000). "Leave to amend may be futile where the factual allegations are clearly frivolous." *Richards v. Eddinger*, No. 3:23-cv-158 (KAD) (SDV), 2023 WL 11897990, at *2 (D. Conn. Mar. 13, 2023), *report and recommendation approved and adopted*, slip op. (D. Conn. Apr. 3, 2023). Because nothing in the complaint, even when construed liberally, "suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded," *Cuoco*, 222 F.3d at 112, I conclude that repleading would be futile. Other courts considering similar claims have denied leave to amend as futile. *See, e.g.*, *Harris v. Sessions*, No. 18-cv-5245 (CM), 2018 WL 9596844, at *2 (S.D.N.Y. Aug. 3, 2018) (concluding that "irrational" claims alleging implantation of FBI tracking device in plaintiff's leg could not be cured by amendment); *Currytto v. Perez*, No. 3:17-cv-2110 (MPS), 2018 WL 11462246, at *2 (D. Conn. Jan. 18, 2018) (dismissing device-implantation claims without leave to amend).

Finally, I respectfully recommend that Judge Bolden enter an order directing Ms. Sullivan to show cause as to why she should not be placed on a list prohibiting her from filing any future cases in the United States District Court for the District of Connecticut without first obtaining the Court's permission. *See Viola v. U.S.*, 481 Fed. App'x 30, 31 (2d Cir. 2012) ("[T]he procedure for imposing leave-to-file sanctions involves three stages: (1) the court notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue; and (3) if the litigant's response does not show why sanctions are not appropriate, the court issues a sanctions order.") (internal quotation marks and citation omitted); *see also Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (explaining that district courts "may impose sanctions, including restrictions on future access to the judicial system when a litigant has a history of filing vexatious, harassing or duplicative lawsuits." (internal quotations omitted)).

Evidently Ms. Sullivan has a brain tumor (Complaint, ECF No. 1, at 7), and such a serious illness of course deserves everyone's sympathy.  But this is the nineteenth time that Ms. Sullivan has taken up the Court's time and resources with frivolous and fanciful allegations.  *See Sullivan v. Lamont*, No. 3:24-cv-1003 (OAW); *Sullivan v. Bezos*, No. 3:24-cv-1390 (KAD); *Sullivan v. Harris*, No. 3:24-cv-1578 (KAD); *Sullivan v. Hartford Hosp.*, No. 3:24-cv-1675 (KAD); *Sullivan v. West Hartford Police*, No. 3:24-cv-1676 (KAD); *Sullivan v. Bezos*, No. 3:24-cv-1836 (KAD); *Sullivan v, Kardashian*, No. 3:24-cv-1851 (KAD); *Sullivan v. Powell*, No. 3:24-cv-1857 (KAD); *Sullivan v. Jenner*, No. 3:24-cv-1860 (KAD); *Sullivan v. Scott*, No. 3:24-cv-1862 (KAD); *Sullivan v. Graham*, No. 3:24-cv-1863 (KAD); *Sullivan v. Musk*, No. 3:24-cv-1949 (KAD); *Sullivan v. Bezos*, No. 3:25-cv-385 (SVN); *Sullivan v. Buffet*, No. 3:25-cv-764 (SVN), *Sullivan v. United States Gov't*, No. 3:25-cv-921 (SVN); *Sullivan v. Bezos*, No. 3:25-cv-1157 (VDO); *Sullvan v. USA*, No. 3:25-cv-1231 (VDO); *Sullivan v. Bezos*, No. 3:25-cv-1412 (OAW).  In *Sullivan v. Bezos*, Judge Williams warned Ms. Sullivan that, "should she continue to file these frivolous complaints, she may be subject to sanctions, including being added to the District of Connecticut's prohibited filers list[.]" No. 3:25-cv-1412 (OAW), slip op. (D. Conn. Sept. 3, 2025).  She subsequently filed this case as well as a twentieth case while this one was under review.  *Sullivan v. United States Gov't*, No. 3:26-cv-35 (VAB).  While Ms. Sullivan clearly needs help from someone, her claims for civil relief from this Court against people like Jeff Bezos, Kamala Harris and Elon Musk have never been non-frivolous.  Having already been warned by Judge Williams that these unmeritorious lawsuits must cease, Ms. Sullivan should explain to the Court why she should not be issued a leave-to-file sanction order and be thereby placed on the prohibited filer list.  *See Viola*, 481 Fed. App'x at 31.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If Ms. Sullivan wishes to object to my recommendation, she must file that objection with the Clerk of the Court by February 9, 2026.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who, like Ms. Sullivan, will receive the recommendation from the Clerk of the Court via mail); Fed. R. Civ. P. 6(a)(1)(C) (stating that, if a due date falls on a weekend, the date is extended to "the end of the next day that is not a Saturday, Sunday, or legal holiday"). If she fails to file a timely objection, her failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge
